IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DOMINIC ROCHE GIRARD, *on behalf of himself and others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>CWPVA, INC. d/b/a HOME GENIUS EXTERIORS<br><br>Defendant. | Case No. 1:25-cv-02450-CEF<br><br>JUDGE CHARLES E. FLEMING<br><br>REPORT OF PARTIES' PLANNING MEETING UNDER FED.R.CIV.P. 26(f) and L.R. 16.3(b) |

1. Pursuant to Fed. R. Civ. P. 26 (f) and L.R. 16.3 (b), a meeting was held on **January 19, 2026** and was attended by **Anthony Paronich** for the Plaintiff and **Greogry Farkas** for the Defendant.

2. The parties **will exchange** the pre-discovery disclosures required by Federal Rule of Civil Procedure 26(a) by **February 10, 2026**.

3. This case is appropriately designated as **complex** because it involves:

  - Nationwide class allegations under the Telephone Consumer Protection Act ("TCPA");

  - Discovery concerning Defendant's telemarketing practices over a multi-year period;

  - Review of large volumes of electronically stored information, including call logs, text message logs, opt-out records, dialing system data, and third-party vendor records;

  - Issues relating to class certification under Rule 23;

- Potential expert testimony concerning dialing technology, TCPA compliance, and class-wide damages.

4. This case is suitable for Electronic Case Filing (ECF).

5. This case is **not suitable for ADR at this time**. Plaintiff believes that more meaningful settlement discussions would benefit from the completion of initial discovery regarding the scope of Defendant's telemarketing activities. The parties may revisit ADR after the exchange of discovery and/or class certification briefing.

6. The parties **do not consent** to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

7. Federal jurisdiction is based upon 28 U.S.C. § 1331, as Plaintiff's claims arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., and its implementing regulations.

8. **Recommended Discovery Plan**

    a. Plaintiff asserts claims under the TCPA and its implementing regulations, including 47 C.F.R. §§ 64.1200(c) and (d), based on Defendant's repeated telemarketing calls and text messages to individuals whose telephone numbers were registered on the National Do Not Call Registry and to individuals who made direct opt-out requests to Defendant. Plaintiff alleges that Defendant failed to maintain and enforce legally required internal do-not-call policies, failed to train personnel engaged in telemarketing, and continued to place calls and send text messages after consumers revoked consent. Discovery will include, but is not limited to:

- Defendant's telemarketing policies, procedures, and training materials;
- Dialing systems, text messaging platforms, and vendors used by Defendant;
- Call detail records, outbound dialing logs, and text message logs;
- Records reflecting National Do Not Call Registry scrubbing and internal do-not-call lists;
- Records of consumer opt-out requests and Defendant's handling of such requests;
- Communications between Defendant and any third-party marketing vendors;
- Evidence relevant to class certification, including numerosity, commonality, typicality, and predominance;
- Evidence relating to Defendant's knowledge and willfulness for purposes of enhanced statutory damages.

Defendant denies Plaintiff's allegations and will seek discovery concerning:

- Plaintiff's consent to receive telemarketing calls and text messages;
- Plaintiff's telephone and text message histories;
- The electronic devices owned and used by Plaintiff; and Plaintiff's alleged damages.

In addition, Defendant intends to file a motion to bifurcate discovery into the merits of Plaintiff's individual claim and class discovery, based on Defendant's belief that Plaintiff expressly consented to receive telemarketing messages. Plaintiff intends to oppose the motion to bifurcate.

3

    b. **Non-Expert Discovery Cutoff: August 20, 2026.**

    c. Expert discovery is anticipated and will address TCPA class certification issues such as the amount of calls to numbers that potentially violate the TCPA, and damages. The parties propose the following deadlines:

        i. **Plaintiff Expert Report: September 18, 2026**

        ii. **Defense Expert Report: October 19, 2026**

        iii. **Expert Discovery Cutoff: November 18, 2026**

9. The pleadings shall be amended **without** leave of Court on or before: **April 20, 2026**

10. Recommended dispositive motion date, including a motion for class certification, **November 20, 2026.**

11. Recommended date for a Status Conference: **May 20, 2026**.

12. Other matters for the attention of the Court: None at this time.

Dated: February 4, 2026        PLAINTIFF, on behalf of himself and others similarly situated,

*/s/ Anthony I. Paronich*
Anthony I. Paronich, *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Brian T. Giles (0072806)
THE LAW OFFICES OF BRIAN T. GILES
1470 Apple Hill Road
Cincinnati, Ohio 45230
Telephone:  (513) 379-2715
Brian@GilesFirm.com

4

/s/ *Gregory R. Farkas*
Marc A. Sanchez (0063998)
msanchez@frantzward.com
Gregory R. Farkas (0069109)
gfarkas@frantzward.com
**FRANTZ WARD LLP**
200 Public Square, Suite 3000
Cleveland, Ohio 44114
(216) 515-1660

*Attorneys for Defendant*

Case: 1:25-cv-02450-CEF Doc #: 9 Filed: 02/04/26 6 of 6. PageID #: 57